IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01361-BNB

LOU ANN RAEL,

    Applicant,

v.

LARRY REID, Warden,
ARISTEDES ZAVARES, Executive Director, and
JOHN SUTHERS, Attorney General of the State of Colorado,

    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 16 2009

GREGORY C. LANGHAM
CLERK

## ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

Applicant, Lou Ann Rael, is a prisoner in the custody of the Colorado Department of Corrections at a prison facility in Pueblo, Colorado. Ms. Rael has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. The court must construe the application liberally because Ms. Rael is not represented by an attorney. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. **See Hall**, 935 F.2d at 1110. For the reasons stated below, Ms. Rael will be ordered to file an amended application.

Ms. Rael is challenging the validity of her conviction and sentence in Conejos County District Court case number 05CR22. However, she fails to provide a clear and concise statement of her claims either in the application itself, which is only nine pages long, or in the hundreds of pages of additional documents that she has submitted to the court with the application. As a result, it is not clear to the court what federal

constitutional claims Ms. Rael may be raising in the application or how her federal constitutional rights allegedly have been violated.

Because the application is deficient, Ms. Rael will be ordered to file an amended application if she wishes to pursue her claims in this action. Pursuant to Rule 2(c)(1) of the Rules Governing Section 2254 Cases in the United States District Courts, Ms. Rael must "specify all [available] grounds for relief." Pursuant to Rule 2(c)(2) of the Rules Governing Section 2254 Cases in the United States District Courts, she must "state the facts supporting each ground." Ms. Rael is advised that the habeas corpus rules are more demanding than the rules applicable to ordinary civil actions, which require only notice pleading. **See Mayle v. Felix**, 545 U.S. 644, 655 (2005). Naked allegations of constitutional violations are not cognizable under § 2254. **See Ruark v. Gunter**, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam). Furthermore, Ms. Rael may not merely assert conclusory claims for relief and expect the court to sift through hundreds of pages of exhibits in an effort to determine the factual basis for each claim being asserted. Accordingly, it is

ORDERED that Ms. Rael file **within thirty (30) days from the date of this order** an amended application for a writ of habeas corpus that complies with this order. It is

FURTHER ORDERED that the clerk of the court mail to Ms. Rael, together with a copy of this order, two copies of the following form: Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. It is

FURTHER ORDERED that if Ms. Rael fails to file an amended application for a

writ of habeas corpus that complies with this order within the time allowed, the action will be dismissed without further notice.

DATED June 16, 2009, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-01361-BNB

Lou Ann Rael
Prisoner No. 133801
La Vista Correctional Facility
1401 West 17th Street
Pueblo, CO 81003

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241** above-named individuals on 6/16/09

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk