IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01361-BNB

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 22 2010

GREGORY C. LANGHAM
CLERK

LOU ANN RAEL,

Applicant,

v.

LARRY REID, Warden,
ARISTEDES ZAVARES, Executive Director, and
JOHN SUTHERS, Attorney General of the State of Colorado,

Respondents.

---

ORDER OF DISMISSAL

---

Applicant, Lou Ann Rael, is a prisoner in the custody of the Colorado Department of Corrections at the La Vista Correctional Facility in Pueblo, Colorado. Ms. Rael initiated this action by filing ***pro se*** an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On September 21, 2009, she filed an amended application for a writ of habeas corpus. Ms. Rael is challenging the validity of her conviction and sentence in Conejos County District Court case number 05CR22.

On September 23, 2009, Magistrate Judge Boyd N. Boland entered an order directing Respondents to file a Pre-Answer Response to the amended habeas corpus application limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses in this action. On October 22, 2009, Respondents filed their Pre-Answer Response arguing that only one of Ms.

Rael's claims is exhausted and that this action should be dismissed because the amended application is a mixed petition. On November 16, 2009, Ms. Rael filed a reply to the Pre-Answer Response.

On November 18, 2009, after reviewing the amended application, the Pre-Answer Response, and Ms. Rael's reply to the Pre-Answer Response, Magistrate Judge Boland ordered Ms. Rael to show cause why this action should not be dismissed as a mixed petition because she is asserting both exhausted and unexhausted claims. Magistrate Judge Boland advised Ms. Rael that she could avoid dismissal of this action as a mixed petition by voluntarily dismissing the unexhausted claims. On February 17, 2009, Ms. Rael filed a response to Magistrate Judge Boland's show cause order arguing that this action should not be dismissed as a mixed petition.

The Court must construe the amended application and other papers filed by Ms. Rael liberally because she is not represented by an attorney. ***See Haines v. Kerner***, 404 U.S. 519, 520-21 (1972); ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a ***pro se*** litigant. ***See Hall***, 935 F.2d at 1110. For the reasons stated below, the Court will deny the amended application as a mixed petition.

Ms. Rael was convicted by a jury of two counts of distribution of a controlled substance, and she was sentenced to ten years in prison. The judgment of conviction and sentence were affirmed on direct appeal. ***See People v. Rael***, No. 06CA2466 (Colo. Ct. App. June 5, 2008) (not selected for publication). On October 6, 2008, the Colorado Supreme Court denied Ms. Rael's petition for writ of certiorari on direct

appeal. On January 12, 2009, following her direct appeal, Ms. Rael filed in the trial court a postconviction motion to reconsider her sentence. On July 28, 2009, Ms. Rael filed another postconviction motion in the trial court. The copy of the state court docket sheet provided by Respondents, which is dated October 19, 2009, indicates that both postconviction motions were pending in the trial court on that date. Ms. Rael has not provided the Court with any more current information regarding the status of her state court postconviction motions in her recent filings. The instant action was filed on June 11, 2009.

Ms. Rael asserts four claims for relief in the amended application, including a Sixth Amendment claim with a number of sub-parts. She specifically claims that:

1. Her Fourth Amendment rights were violated when she was arrested on June 23, 2006.

2. Her Sixth Amendment rights were violated by:[1]

   a. Entering a conviction without a "competent fact witness" and legal insufficiency of the evidence;

   b. Trial by a biased jury;

   c. Forcing Ms. Rael to proceed ***pro se***;

   d. Denial of compulsory process (by holding Ms. Rael incommunicado" prior to trial) and specifically, denial of her request that the court issue a bench warrant for a defense witness that did not appear for trial;

   e. Judicial bias; and

[1]The various sub-parts of Ms. Rael's second claim are not asserted clearly as distinct claims in the amended application. Therefore, to avoid any potential confusion, the Court has adopted the organization and numbering of those sub-parts used by Respondents in their Pre-Answer Response and by Magistrate Judge Boland in his Order to Show Cause. Ms. Rael has not objected to this organization and numbering of the sub-parts of claim 2.

f. Violating the witness sequestration order by permitting the prosecution's advisory witness to attend trial.

3. Her Fourteenth Amendment rights were violated because Colorado state law required the sentencing court to impose a term of mandatory parole in addition to a term of imprisonment.

4. Her prison sentence is contradictory and violates her constitutional rights.

Respondents argue that the amended application is a mixed petition because claim 2(c) is the only claim for which state remedies have been exhausted, and Magistrate Judge Boland agreed with this argument. Although it is not clear what claims Ms. Rael may be raising in the state court postconviction proceedings, Magistrate Judge Boland reasoned that Ms. Rael has not exhausted state remedies for any of her postconviction claims because the postconviction motions still were pending in the trial court. As noted above, Ms. Rael argues in her response to Magistrate Judge Boland's show cause order that this action should not be dismissed as a mixed petition.

The Court has reviewed the entire file and finds that Magistrate Judge Boland's determination that the amended application is a mixed petition is correct.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. ***See O'Sullivan v. Boerckel***, 526 U.S. 838 (1999); ***Dever v. Kansas State Penitentiary***, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. ***See Castille v. Peoples***, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of

the conviction or in a postconviction attack." ***Dever***, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. ***Picard v. Connor***, 404 U.S. 270, 278 (1971); ***see also Nichols v. Sullivan***, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," ***Picard***, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." ***Anderson v. Harless***, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. ***See Duncan v. Henry***, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." ***Hernandez v. Starbuck***, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that she has exhausted all available state remedies. ***See Miranda v. Cooper***, 967 F.2d 392, 398 (10th Cir. 1992). Even if state remedies properly have been exhausted as to one or more of the claims presented, a habeas corpus application is subject to dismissal as a mixed petition unless state court remedies have been exhausted for all of the claims raised. ***See Rose v. Lundy***, 455 U.S. 509, 522 (1982); ***Harris v. Champion***, 48 F.3d 1127, 1133 (10th Cir. 1995).

Magistrate Judge Boland correctly determined that any claims Ms. Rael has exhausted must have been raised in her direct appeal. The state court postconviction

proceedings were not even filed, or still were pending in the trial court, when this action was filed. Ms. Rael does not contend that the state postconviction proceedings are inadequate. As a result, the Court need not determine what claims Ms. Rael may be asserting in the state postconviction proceedings.

The Court has reviewed Ms. Rael's opening brief on direct appeal as well as her petition for writ of certiorari and agrees with Magistrate Judge Boland and Respondents that claim 2(c), in which Ms. Rael asserts that her Sixth Amendment rights have been violated because she was forced to proceed ***pro se***, is the only claim asserted in the amended application for which state remedies have been exhausted. Although Ms. Rael contends in her response to Magistrate Judge Boland's show cause order that the state courts have been given an opportunity to correct the alleged constitutional violations, this conclusory assertion falls far short of satisfying her burden of showing that she has fairly presented each of her claims to the state's highest court.

Ms. Rael also argues in her response to Magistrate Judge Boland's show cause order that exhaustion would be futile because the judgment is void, the sentencing court lacked jurisdiction, there were no material facts in dispute, and the sentencing court allowed the jury to hear the case contrary to the Colorado Rules of Evidence. Courts have recognized a futility exception to the exhaustion requirement when "the state's highest court has explicitly and recently addressed the precise issue advanced by the petitioner." ***Goodwin v. Oklahoma***, 923 F.2d 156, 158 (10th Cir. 1991). Because Ms. Rael fails to identify any recent decisions of the Colorado Supreme Court that address the specific issues she seeks to raise in this action, her futility arguments

lack merit.

In conclusion, the Court finds that the amended application is a mixed petition containing both exhausted and unexhausted claims. The Court also finds that Ms. Rael has failed to show cause why this action should not be dismissed as a mixed petition. Accordingly, it is

ORDERED that the habeas corpus application and the amended application are denied and the action is dismissed without prejudice because Applicant is asserting both exhausted and unexhausted claims. It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.

DATED at Denver, Colorado, this 19th day of February, 2010.

BY THE COURT:

s/Philip A. Brimmer for
PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-01361-BNB

Lou Ann Rael
Prisoner No. 133801
La Vista Correctional Facility
1401 West 17th Street
Pueblo, CO 81003

John Seidel
Assistant Attorney General
**DELIVERED ELECTRONICALLY**

I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 2/22/10

GREGORY C. LANGHAM, CLERK

By: [signature]
Deputy Clerk